# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAVEZ, | CASE NO. 1:09-cv-01080-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| JAMES YATES, et al., | (Doc. 9) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.     Screening Requirement and Standard**

Plaintiff Michael Chavez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (the Americans with Disabilities Act ("ADA")) on June 19, 2009. On December 16, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Pending before the Court is Plaintiff's amended complaint, filed January 25, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

  **A.     Summary of Amended Complaint**

Plaintiff is currently incarcerated at Pleasant Valley State Prison (PVSP), where the events at issue in this action occurred. Plaintiff alleges that Defendants Doctors Howard Ehrman, Felix Igbinosa, Kushner, and John Diep; Hayden, a registered nurse; Associate Warden John Ahlin; Captain Pineda; and Warden James Yates violated his rights under the Eighth Amendment of the United States Constitution and the ADA by failing to ensure that he received appropriate medical care.[1] Plaintiff seeks damages, unspecified equitable relief, and an order requiring the prison to stop staging fights between gang members because it interferes with his ability to obtain medical care.

Plaintiff offers the following facts in support of his claims that his rights were violated. Plaintiff slipped and fell at Ironwood State Prison in 2003, injuring himself, and he had carpal tunnel

---

[1] Although they are not identified as defendants, Plaintiff's allegations suggest that Doctors Neubarth and Salazar are also parties to the action.

2

surgery on March 21, 2003. Plaintiff was transferred to PVSP on April 29, 2003, where his New Balance orthopedic shoes were confiscated by custody staff, making it hard for Plaintiff to walk without severe pain. (Doc. 9, Amend. Comp., court record pp. 3-4.) Plaintiff was not seen by medical staff until May 7, 2003, during which time he was without the pain medication he had been prescribed following his wrist surgery. When Plaintiff was seen, he requested to see a podiatrist to have his shoes replaced, but his request was denied by Defendant Kusher. Plaintiff filed an administrative appeal and prison officials acknowledged that custody staff needed to be trained on how to deal with inmates protected under the Armstrong remedial plan.[2]

Plaintiff also alleges that he arrived at PVSP with twenty-two medical chronos, but only five of the twenty-two were renewed by PVSP staff. One of the chronos that was not renewed stated Plaintiff could not be handcuffed behind his back due to his medical condition.

Between May 7, 2003, and August 14, 2003, medical staff, including Defendant Kushner, denied Plaintiff his "basic fundamental" right to be free of pain and suffering. (Id., p. 5.) On August 29, 2003, Dr. Jeffery L. Tanji of UC Davis informed medical staff via a tele-med conference that Plaintiff needed hand therapy and pain medication, but staff failed to fulfil the orders, leaving Plaintiff to suffer in pain.

On November 4, 2003, Plaintiff requested to be seen for back and knee pain, but Dr. Neubarth denied him any further consultations with an orthopedic specialist.

Plaintiff alleges that Defendants Ehrman and Kushner and Doctors Neubarth and Salazar violated his right to receive adequate medical care. Plaintiff also alleges that his inmate appeals

///
///

---

[2] The Armstrong case is a class action brought against state officials for violation of the ADA, the Rehabilitation Act, and the Constitution by present and future prisoners and parolees suffering from certain disabilities. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010). The action is in the remedial stage and there is a remedial plan in place. Id. While Plaintiff may allege independent claims for relief based for violation of his rights under federal law, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), Plaintiff may not rely on the violation of consent decrees or remedial plans in other cases to state a claim, Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999). Relief for violation of consent decrees or remedial plans must be pursued in the case in which the decree or plan was issued. Frost, 197 F.3d at 358-59; Crayton v. Terhune, No. C 98-4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

demonstrate that medical staff members were deliberately indifferent to his medical needs and his appeals set forth sufficient facts to support plausible claims for relief under section 1983.[3]

### B.  Eighth Amendment Medical Care Claims

#### 1.  Legal Standard

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Further, liability may not be imposed under section 1983 against supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, ___ F.3d ___, ___, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

---

[3] Neither the original complaint nor the amended complaint included exhibits, so the appeals are not part of the record.

4

(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

### 2. Discussion

Plaintiff asserts multiple Eighth Amendment claims arising out of the failure of staff to provide him with appropriate medical care. The claims are based on the confiscation of his orthopedic shoes, the lack of pain medication, the failure to renew all of his twenty-two medical chronos, the failure to provide him with hand therapy, and the failure to refer him to a podiatrist and an orthopedic specialist. Plaintiff alleges that as a result of the inadequate care, he suffered the unnecessary and wanton infliction of pain.

The events which are identified by date occurred in 2003, suggesting that they are barred by the statute of limitations because Plaintiff had, at most, four years from time his claims accrued to file suit.[4] Cal. Civ. Proc. Code §§ 335.1, 352.1 (West 2011); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). However, the Court does not reach that issue in light of the fact that Plaintiff's allegations are insufficient to state any claims on the merits.

Neither Plaintiff's difference of opinion with medical staff, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between medical professionals over treatment, is sufficient to support a claim under section 1983, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a viable claim, Plaintiff's allegations would have to show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (quotation marks and citations omitted). The facts pled do not make such a showing.

---

[4] If Plaintiff is serving a life sentence without the possibility of parole, the tolling statute is inapplicable and he had only two years to file suit. Cal. Civ. Proc. Code § 352.1 (West 2011); Jones v. Blanas, 393 F.3d 918, 927 (2004) Maldonado, 370 F.3d at 954-55.

5

In addition, there are no facts to support a claim that other staff knowingly disregarded an excessive risk of harm to Plaintiff's health. Farmer, 511 U.S. at 834. The general allegations set forth in the amended complaint are insufficient to support any plausible claims for relief for violation of the Eighth Amendment. The Court, therefore, recommends dismissal of the claims, with prejudice.

### C.     ADA Claim

Plaintiff's amended complaint sets forth one sentence alleging a violation of the ADA. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Although Plaintiff alleges that his rights under the ADA were violated, his factual allegations relate exclusively to the inadequacy of his medical care and not to any intentional discrimination against him based on a qualifying disability. The treatment, or lack of treatment, concerning a medical condition such as at issue here does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). There are simply no facts pled in the complaint that suggest the possibility of a viable ADA claim and the Court recommends dismissal of the claim, with prejudice.

### III.    Conclusion and Recommendation

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his Eighth Amendment claims, provided with the applicable legal standards, and granted the opportunity to amend. Because the same deficiencies plague the amended complaint and because there are no facts presented which would support an

ADA claim, further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 1, 2011**                      /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE