1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAVEZ, | Case No.  1:09-cv-01080-AWI-SKO PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (Docs. 36 and 37) |
| JAMES YATES, et al., | FINDING AND RECOMMENDATION RECOMMENDING SECTION II OF MOTION TO DISMISS BE STRICKEN |
| Defendants. | (Doc. 34) |
| | FIVE-DAY OBJECTION DEADLINE |
| _____/ | |

**I.    Background**

        Plaintiff Michael Chavez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 19, 2009.  Pursuant to the decision issued by the Court of Appeals for the Ninth Circuit, this action is proceeding on Plaintiff's Eighth Amendment claims against Defendants Ehrman, Igbinosa, Kushner, Diep, Hayden, Ahlin, Pineda, and Yates.  On August 6, 2013, Defendants Ahlin, Yates, Igbinosa, and Pineda ("Defendants" herein) filed a motion to dismiss this action as barred by the statute of limitations (section I) and for failure to state a claim upon which relief may be granted (sections II and III).  Fed. R. Civ. P. 12(b)(6).

On August 13, 2013, the Court ordered Defendants to show cause why sections II and III of their motion to dismiss should not be stricken in light of the appellate court's binding decision finding Plaintiff's complaint states a claim. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012); *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986). Defendants filed their response on August 20, 2013.

Based on Defendants' response, the Court elects to discharge the order to show without requiring Defendants to show further cause why sanctions should not be imposed against them. There is no indication the motion was filed in bad faith, and paragraph 15 of the amended complaint provides a basis for Defendants' section III argument regarding a due process claim. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65, 100 S.Ct. 2455 (1980); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997). (Docs. 9, Amend. Comp., p. 34.) However, Defendants' position with respect to Plaintiff's medical care claims (section II of their motion to dismiss) is untenable and the Court recommends section II be stricken from the motion.

## II.     Discussion

### A.     Intersection of Statutory Screening, Rule 12(b)(6) Motions, and the Law of the Case Doctrine

As an initial matter, the Court is not persuaded by Defendants' overly broad interpretation regarding the interplay between statutory screening and motions to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), an interpretation which would free them from responsibility in adhering to or respecting prior determinations made in a case.

In support of their position, Defendants cite to a decision from the United States District Court for the Southern District of California for the proposition that statutory screening is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion. *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. Mar. 28, 2007). The decision of another district court is not binding, but in any event, the Court's position is not that the existence of a screening order is a complete bar to a subsequent Rule 12(b)(6) motion. However, the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), and the screening order may not ignored or disregarded, *Ingle v. Circuit City*, 408 F.3d

592, 594 (9th Cir. 2005).  To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine, and as a result, Defendants are expected, reasonably so, to articulate the grounds for their 12(b)(6) motion in light of a screening order finding the complaint stated a claim.[1]  *Ingle*, 408 F.3d at 594; *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008).

If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine.  *Ingle*, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions.  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000).  Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders.  *Ingle*, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); *Thomas*, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

In sum, Rule 12(b)(6) motions which fail to acknowledge the prior procedural history and screening orders and which fail to articulate the reasons for the motions in light of the prior relevant orders implicate the law of the case doctrine, unnecessarily multiply the proceedings, and fall well below the level of practice which is expected in federal court.  The foregoing bears

---

[1] The Court is referring to issues addressed in and determined by the screening order.  In this case, the Court recognized but declined to address the statute of limitations issue and the appellate court likewise did not address the issue.  As a result, section I of Defendants' motion to dismiss was excluded from the order to show cause.

1   particular emphasis because in this situation, Defendants entirely failed to acknowledge the prior

2   procedural history and distinguish the grounds for their motion in light of that history.  Their

3   failure to do so is particularly glaring given that while the law of the case doctrine is discretionary,

4   the rule of mandate is not.  *Hall*, 697 F.3d at 1067; *Ingle*, 408 F.3d at 594.

5   **B.**   **Rule of Mandate**

6   Turning to the appellate court's decision, the Court is able to appreciate Defendants'

7   position that the amended complaint fails to state a claim upon which relief may be granted against

8   them, as the Court previously reached the same conclusion.  Further, the Court recognized that the

9   motion was brought on behalf of only four of the eight defendants.  (Doc. 36, OSC, 1:18-22.)

10   However, Defendants' argument that the appellate court's order does not foreclose them from

11   moving to dismiss because it lacked specificity with respect to each individual defendant's

12   involvement is without merit.

13   In recommending dismissal of this action for failure to state a claim, the Court found, "The

14   general allegations set forth in the amended complaint are insufficient to support any plausible

15   claims for relief for violation of the Eighth Amendment."[2]  (Doc. 11, Findings and

16   Recommendations, 6:2-4.)  The appellate court disagreed and reversed in full the dismissal of

17   Plaintiff's Eighth Amendment medical care claims, finding Plaintiff's allegations "that defendants

18   were aware of Plaintiff's severe pain and refused to treat it" were sufficient.  (Doc. 27,

19   Memorandum Order, p. 2.)  That the order lacked specificity as to each individual defendant, or

20   that any party or lower court might disagree with the order, is immaterial.  "A district court that

21   has received mandate of an appellate court cannot vary or examine that mandate for any purpose

22   other than executing it."  *Hall*, 697 F.3d at 1067 (citation omitted).  The appellate court's decision

23   is binding "as to issues decided explicitly *or by necessary implication*."  *U.S. v. Garcia-Beltran*,

24   443 F.3d 1126, 1129 (9th Cir. 2006) (internal quotation marks and citation omitted) (emphasis

25   added).  Thus, the ruling that Plaintiff's amended complaint survives the pleading stage and states

26

27

28   [2] The Findings and Recommendations was adopted in full by the United States District Judge then assigned to the case.  (Doc. 17.)

a claim against the defendants under the Eighth Amendment is binding on all parties and the Court.  *Hall*, 697 F.3d at 1067; *Garcia-Beltran*, 443 F.3d at 1129-30; *Houser*, 804 F.2d at 567.

**III.**      **Order and Recommendation**

Accordingly, the Court HEREBY (1) ORDERS the order to show cause, filed on August 13, 2013, DISCHARGED, and (2) RECOMMENDS that section II of Defendants' motion to dismiss be STRICKEN.

The Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **five (5) days** after being served with the Finding and Recommendation, the parties may file a written Objection with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file an Objection within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**October 2, 2013**__                             _____**/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE