# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAVEZ, | Case No. 1:09-cv-01080-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, WITH LEAVE TO AMEND THE EIGHTH AMENDMENT CLAIMS |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | (Doc. 34) |
| | OBJECTION DEADLINE: TWENTY-FIVE DAYS |

## I. Procedural History

Plaintiff Michael Chavez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 19, 2009. Pursuant to the decision issued by the Court of Appeals for the Ninth Circuit, this action is proceeding on Plaintiff's amended complaint, filed on January 25, 2010, against Defendants Ehrman, Igbinosa, Kushner, Diep, Hayden,[1] Ahlin, Pineda, and Yates for violation of Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution. (Docs. 9, 27, 29.)

Pending before the Court is Defendants Igbinosa, Ahlin, Pineda, and Yates' ("Defendants") motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on

---

[1] Identified in her recently filed waiver of service as Hayden Winters. (Doc. 47.)

August 6, 2013.[2]  Plaintiff filed an opposition on November 7, 2013. However, the opposition is not signed and it cannot be considered.  Fed. R. Civ. P. 11(a); Local Rule 131(b).

## II. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

---

[2] Only sections I and III of the motion are pending resolution.  Section II was stricken from the motion by order filed October 30, 2013, on the ground that Defendants' argument is precluded by the rule of mandate.  (Docs. 41, 43.)

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

### III.   Discussion

#### A.   Fourteenth Amendment Due Process Claim

Plaintiff alleges in his amended complaint, "PVSP prison officials have denied me the right to fully have my complaints addressed via the administrative appeals process on all of my complaints[,] always screening out most of my complaints in violations of my Fourteenth Amendment right to be free from cruel and unusual punishment." (Amend. Comp., ¶15.) Defendants argue that they are entitled to dismissal of this claim for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff is attempting to state a due process claim based on the handling of his inmate appeals, his claim fails as a matter of law. Plaintiff does not have a protected liberty interest at stake with respect to the appeals process and therefore, he is precluded from asserting a claim for denial of due process arising out of any determinations made with respect to his inmate appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Further, a claim that the denial of medical treatment violates the Due Process Clause of the Fourteenth Amendment also fails as a matter of law. The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted). Here, Plaintiff is a

3

convicted prisoner and the Eighth Amendment specifically provides redress for the denial of medical care.

These deficiencies cannot be cured through amendment, and the Court recommends Defendants' motion be granted and Plaintiff's Fourteenth Amendment due process claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.[3] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B.  Statute of Limitations and Plaintiff's Eighth Amendment Claims

#### 1.  Statute of Limitations and Tolling

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

---

[3] To the extent that Plaintiff is attempting to pursue a Fourteenth Amendment due process claim arising out of the deprivation of a protected property interest rather than a protected liberty interest, his amended complaint is devoid of any facts giving rise to a viable claim for relief. *Hudson v. Palmer*, 468 U.S. 517, 532-33, 104 S.Ct. 3194 (1984); *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). In the event that Plaintiff intended his mere mention of the confiscation of his medical shoes to support a due process claim rather than a medical care claim, Defendants correctly note in their motion that the confiscation occurred in April 2003, raising an obvious issue of timeliness, as discussed in section B. (Doc. 34, Motion, 3:23-4:4.)

4

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, *id.* at 101-03.

**2.    Findings**

Plaintiff's amended complaint is vague and conclusory, and as Defendants correctly note, the only dates specifically identified by Plaintiff were those in 2003.

Plaintiff alleges that he slipped in 1996 at Ironwood State Prison; and he had carpal tunnel surgery on March 21, 2003, after which he transferred to Pleasant Valley State Prison ("PVSP"), where the events at issue occurred. Plaintiff alleges that he arrived at PVSP on April 29, 2003, when his "medical shoes" were confiscated and medical staff renewed only five of the twenty-two medical chronos he had upon arrival. (Doc. 9, Amend. Comp., p. 3.)

Plaintiff alleges that he was not seen by medical staff until May 7, 2003, and that between May 7, 2003, and August 14, 2003, Defendant Kushner, Dr. Salazar, and unknown medical technical assistants denied him basic medical care. Plaintiff alleges that on August 29, 2003, Dr. Tanji, an outside consultant, found that Plaintiff required hand therapy and pain medication, but staff did not implement the order. Finally, on November 4, 2003, Plaintiff requested to see a doctor for his back and knee pain, but Dr. Neubarth refused to allow him to have another consultation with an orthopedic specialist.

Assuming Plaintiff is not serving a sentence of life without the possibility of parole, he had four years from the date of accrual of his claims to file suit, plus any additional time to which he is

entitled under the doctrine of equitable tolling, which applies to administrative exhaustion.[4]  It would be highly unlikely for any of Plaintiff's claims which accrued in 2003 to be timely.  The difficulty with Plaintiff's amended complaint, however, is that the factual bases for Plaintiff's claims against each named defendant are vague at best.

Construed in the light most favorable to Plaintiff, his allegations do not establish that the events at issue are confined to 2003.  *Von Saher*, 592 F.3d at 969.  Rather, Plaintiff transferred to PVSP in 2003, when he began having issues with his medical care.  While some of his intended claims may have accrued in 2003 and are almost certainly time barred as a result, other claims may be timely because they arise out of events more recent than 2003.[5]

Given the lack of clarity surrounding Plaintiff's claims, Defendants may ultimately be entitled to dismissal of some or all of Plaintiff's claims as barred by the statute of limitations, but it is not clear from the face of Plaintiff's amended complaint that there is no set of facts under which he can show his claims are timely.  *Von Saher*, 592 F.3d at 969 (citing *Supermail Cargo, Inc.*, 68 F.3d at 1206).  As a result, the Court is obligated to provide Plaintiff with an opportunity to amend to clarify the bases for his claims against Defendants.  *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Accordingly, the Court recommends that Defendants' motion to dismiss on statute of limitations grounds be granted, with leave to amend to cure the deficiencies.  *Id.*

**IV.  Recommendations**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on August 6, 2013, be GRANTED as follows:

1.  Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims for deprivation of liberty without due process of law be granted and the claims be dismissed, with prejudice; and

---

[4] If Plaintiff is serving a sentence of life without the possibility of parole, he is not entitled to the two-year tolling period under section 352.1 and he would have only two years within which to file suit, plus any additional time under the doctrine of equitable tolling.

[5] Although Plaintiff's amended complaint superceded his original complaint, the Court takes judicial notice that events up until 2008 were addressed in that pleading.

2. Defendants' motion to dismiss Plaintiff's Eighth Amendment claims on statute of limitations grounds be GRANTED, and Plaintiff be permitted to file a second amended complaint clarifying the bases for his Eighth Amendment medical care claims against the following parties: Dr. Ehrman, Dr. Igbinosa, Dr. Kushner, Dr. Diep, Nurse Hayden, Associate Warden Ahlin, Captain Pineda, and Warden Yates.[6]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-five (25) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within **ten (10) days** from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 16, 2014**  **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff should *not* amend in response to this Findings and Recommendations. Plaintiff will be directed to take further action at the appropriate time by Senior United States District Judge Anthony W. Ishii, after the Findings and Recommendations are submitted to him for consideration and a ruling.